## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TONYA MARTIN, Individually** ) | **CASE NO.** |
| **and as Executrix (Fiduciary) for the Estate** ) | |
| **of Patricia Lane, Deceased** ) | |
| **1004 Quilliams Road** ) | **JUDGE** |
| **Cleveland Heights, Ohio 44121** ) | |
| ) | |
| **Plaintiffs** ) | **COMPLAINT: WITH MOTION** |
| ) | **FOR EXTENSION OF TIME TO** |
| v ) | **FILE AFFIDAVIT(S) OF MERIT** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| c/o U.S. Attorney General ) | |
| **U.S. Department of Justice** ) | |
| **950 Pennsylvania Avenue, NW** ) | |
| **Washington, DC 20530-0001** ) | |
| ) | |
| **and** ) | |
| ) | |
| **METROHEALTH MEDICAL CENTER** ) | |
| **By Serving its Statutory Agent** ) | |
| **THE METROHEALTH SYSTEM** ) | |
| **2500 MetroHealth Drive K-106** ) | |
| **Cleveland, Ohio 44109** ) | |
| ) | |
| **and** ) | |
| ) | |
| **GRACE HOSPITAL** ) | |
| **By Serving its Statutory Agent** ) | |
| **WILLARD E. BARTEL** ) | |
| **1422 Euclid Avenue, Suite 800** ) | |
| **Cleveland, Ohio 44115** ) | |
| ) | |
| **and** ) | |
| ) | |
| **THE MONTEFIORE HOME** ) | |
| **By Serving its Statutory Agent** ) | |
| **SETH R. VILENSKY** ) | |
| **One David N. Myers Parkway** ) | |
| **Beachwood, Ohio 44122** ) | |
| ) | |
| **and** ) | |
| ) | |

| | |
|---|---|
| **THE CLEVELAND CLINIC FOUNDATION** | ) |
| **By Serving its Statutory Agent** | ) |
| **CT CORPORATION SYSTEM** | ) |
| **4400 Easton Commons Way, Suite 125** | ) |
| **Columbus, Ohio 43219** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SOUTH POINTE HOSPITAL** | ) |
| **By Serving its Statutory Agent** | ) |
| **CLEVELAND CLINIC HEALTH SYSTEM-** | ) |
| **EAST REGION** | ) |
| **CCAC; 25875 Science Park Drive** | ) |
| **AC1-2-108** | ) |
| **Beachwood, Ohio 44122** | ) |
| | ) |
| **and** | ) |
| | ) |
| **REGENCY HOSPITAL OF CLEVELAND** | ) |
| **EAST** | ) |
| **By Serving its Statutory Agent** | ) |
| **REGENCY HOSPITAL OF NORTH** | ) |
| **CENTRAL OHIO, LLC** | ) |
| **4714 Gettysburg Road** | ) |
| **Mechanicsburg, Pennsylvania 17055** | ) |
| | ) |
| **and** | ) |
| | ) |
| **WILLOW PARK NURSING &** | ) |
| **REHABILITATION CENTER** | ) |
| **By Serving its Statutory Agent** | ) |
| **EMBASSY WILLOW PARK, LLC** | ) |
| **25201 Chagrin Blvd., Suite 190** | ) |
| **Beachwood, Ohio 44122** | ) |
| | ) |
| **and** | ) |
| | ) |
| **UNIVERSITY HOSPITALS AHUJA** | ) |
| **MEDICAL CENTER, INC.** | ) |
| **By Serving its Statutory Agent** | ) |
| **ACFB INCORPORATED** | ) |
| **200 Public Square, Suite 2300** | ) |
| **Cleveland, Ohio 44114** | ) |
| | ) |
| **and** | ) |
| | ) |

| | |
|---|---|
| **HEARTLAND OF TWINSBURG** | ) |
| By Serving its Statutory Agent | ) |
| **MANORCARE HEALTH SERVICES, LLC** | ) |
| 333 N. Summit Street | ) |
| Toledo, Ohio 43604 | ) |
| | ) |
| **Defendants** | ) |
| | ) |

Now come the Plaintiffs, by and through counsel, and for their Complaint against the Defendants, state as follows:

## PARTIES

1. Plaintiff, Tonya Martin, Decedent's daughter, is the acting Executrix-Fiduciary of the Estate of Patricia Lane, Deceased, having been appointed Fiduciary by the Probate Court of Cuyahoga County Ohio. Decedent died on May 26, 2018. She brings this wrongful death action pursuant to Ohio Revised Code § 2125.01, et seq. and as a Federal Tort Claims Act suit pursuant to the laws of the United States including 28 USC § 1346(b) and 28 USC § 2671-2680 which provide jurisdiction in this Court for this action.

2. The Veterans Affairs Medical Center – Cleveland (hereafter "VA Medical Center"), is and was at all time relevant a hospital, medical center, or business duly organized under Federal and State law, operated by the U.S. Department of Veterans Affairs, a department of the United States of America, which held itself out to the public and veterans of the Armed Forces, including Plaintiff's decedent, Patricia Lane, deceased, a veteran, as a competent and qualified hospital facility to provide safe and adequate medical and/or surgical care and treatment.

3. Defendants MetroHealth Medical Center (hereafter "MetroHealth"), Grace Hospital (hereafter "Grace"), Cleveland Clinic Foundation (hereafter "CCF"), South Pointe Hospital (hereafter "South Pointe"), Regency Hospital of Cleveland East (hereafter "Regency"),

and University Hospitals Ahuja Medical Center (hereafter "UH Ahuja") are all hospitals who at various times between March 9, 2017 and May 26, 2018, by and through their officers, agents, and employees, provided medical care and treatment to the Plaintiff's decedent, which medical care is relevant to the Plaintiffs' claims.

4. At all times relevant herein, Defendants MetroHealth, Grace, CCF, South Pointe, Regency, and UH Ahuja were public hospitals which maintained hospital facilities and held themselves out and represented themselves to be full-service hospitals available to the general public for hospital care; members of the public were invited to rely upon and use said hospital facilities, and to receive medical care and treatment from the officers, agents, and/or employees of the herein above described hospitals.

5. That Defendants Grace, The Montefiore Home (hereafter "Montefiore"), Willow Park Nursing & Rehabilitation Center (hereafter "Willow Park"), Regency, and Heartland of Twinsburg (hereafter "Heartland") are all nursing homes and/or long-term critical care facilities who at various times between March 9, 2017 and May 26, 2018, by and through their officers, agents, employees, and professional medical staff provided various treatment, nursing, rehabilitation, and residential care and services to the Plaintiff's decedent, which is relevant to the Plaintiffs' claims.

6. At all times relevant herein, Defendants Grace, Montefiore, Willow Park, Regency, and Heartland were businesses duly organized under the laws of Ohio, and held themselves out to the public as competent and qualified to provide appropriate standard of care medical, nursing care, rehabilitation, and residential care services.

**FACTS RELEVANT TO ALL CAUSES OF ACTION**

7. The within action is in part a Federal Tort Claims Act suit (hereafter "FTCA claim") brought by the Plaintiffs against the Defendant United States of America, pursuant to the laws of the United States including 28 USC § 1346(b) and 28 USC § 2671-2680 which provide jurisdiction in this Court and specifically applies to the care and treatment provided to the Plaintiff's decedent by the physicians, nurses, and professional staff of the Department of Veterans Affairs located at the VA Medical Center - Cleveland.

8. Plaintiffs have fully complied with the requirements of the laws of the United States, including 28 USC § 2675, by filing claims with the appropriate federal agency, the United States of America, Department of Veterans Affairs, that were received timely.

9. Plaintiffs are entitled to file this suit against the Defendant United States of America because on December 2, 2019, Plaintiffs received a letter denying Plaintiffs' claims. A copy of the letter is attached as Exhibit "1".

10. For many years prior to March 9, 2017, Plaintiff's decedent was an ongoing patient at the VA Medical Center for treatment of various illness and diseases, but primarily diabetes. That in the months prior to March 9, 2017, the VA Medical Center, by and through its physicians, nurses, and other professional staff failed to act as reasonably prudent healthcare providers under the same or similar circumstances in the treatment of Plaintiff's decedent's diabetes, which ultimately resulted in the Plaintiff's decedent sustaining a one-car motor vehicle collision on March 9, 2017 due to a diabetic emergency; such diabetic emergency was proximately caused by the substandard and negligent medical care rendered to Plaintiff's decedent by the physicians, nurses, and professional staff at the VA Medical Center.

11. On such date, at approximately 7:01 a.m., Plaintiff's decedent lost consciousness

due to a diabetic emergency while driving on city streets to her place of employment as a police detective for the Village of North Randall, Ohio. At such time, when she lost consciousness, her car left the roadway, striking several fixed objects including a final forceful direct frontal impact between the front of her car and a large tree, off the roadway on the front lawn of an adjoining house, located on Center Street in the City of Bedford, Ohio.

12. Plaintiff's decedent was thereafter transported by ambulance to MetroHealth where she was admitted to the hospital with the following non-inclusive list of trauma injuries: severe diabetic emergency with blood glucose at 21, hemorrhagic shock requiring blood transfusion, multiple fractures to both legs, right clavicle fracture, multiple rib fractures (both sides), fractures T11 and T12, intubation due to respiratory failure, and kidney failure. She remained in MetroHealth for five (5) weeks and was thereafter transferred to Grace Hospital/Bedford.

13. While in MetroHealth she underwent numerous medical procedures, including lumbar laminectomy and fusion, open reductions of her left and right leg fractures, PEG tube with tracheotomy, and open hip reduction.

14. During the Plaintiff's decedent's five (5) week hospital stay at MetroHealth, she was confined to bed with leg and feet splints, which prevented her from having any movement. Such splints were not properly monitored or changed, resulting in open skin wounds. Plaintiff's decedent was discharged from MetroHealth on April 19, 2017 and admitted the same date to Grace Hospital/Bedford for nursing care and rehabilitation. Plaintiff's decedent was discharged from Grace on June 27, 2017 and admitted to Montefiore, where she remained as a resident until August 3, 2017. While a resident at Montefiore, she had wound care at South Pointe and CCF.

15. The Plaintiff's decedent returned to Montefiore, and remained for the period

August 28, 2017 through September 26, 2017, during which time she was also admitted to CCF for a below-the-knee amputation. Thereafter, Plaintiff's decedent had additional nursing home admissions to Willow Park, Regency, and Heartland.

16. The Plaintiff's decedent died on May 26, 2018 while a patient at UH. At the time of her death she had undergone a right below-the-knee amputation of her right foot and right leg (September 5, 2017), had developed a massive infected Stage IV decubitus ulcer on her low back (November 7, 2017), and was suffering from massive infection and gangrene to her left foot and left ankle, with a recommendation of a left below-the-knee amputation. She experienced cardiac arrest and multi-system organ failure on May 26, 2018.

## COUNT I
## WRONGFUL DEATH CLAIM AGAINST DEFENDANT
## UNITED STATES (DEPARTMENT OF VETERANS AFFAIRS)

17. Plaintiffs' incorporate by reference all of the statements and allegations made in the preceding paragraphs above, as if they were fully rewritten herein.

18. Plaintiff, Tonya Martin, brings this wrongful death action for the benefit of herself and other heirs and next-of-kin of Patricia Lane.

19. For many years prior to March 9, 2017, Plaintiff's decedent was an ongoing patient of the VA Medical Center, Cleveland. That during that time period, the VA Medical Center was negligent in providing medical care to the Plaintiff's decedent and breached the standard of care owed to her.

20. As a direct and proximate result of the negligence of the VA Medical Center by and through its physicians, nurses, and professional staff, Plaintiff's decedent suffered devastating injuries in the subject motor vehicle collision of March 9, 2017 due to a diabetic emergency. Further, that the injuries she sustained in that one-car motor vehicle collision

proximately caused her death on May 26, 2018.

21. As a further direct and proximate result of the negligence of the VA Medical Center, and its physicians, nurses, and professional staff, Patricia Lane's next-of-kin suffered a loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advise, guidance, counsel, and instruction. Funeral and burial expenses were also incurred. As a direct and proximate result of the Defendant Veterans Administration's negligence, Patricia Lane's next-of-kin have suffered great mental anguish.

## COUNT II
## WRONGFUL DEATH CLAIM AGAINST DEFENDANTS METROHEALTH, GRACE, CCF, SOUTH POINTE, REGENCY, UH AHUJA, MONTEFIORE, WILLOW PARK, AND HEARTLAND

22. Plaintiffs incorporate by reference all of the statements and allegations made in the preceding paragraphs above, as if they were fully rewritten herein.

23. That between March 9, 2017 and May 26, 2018, Plaintiff's decedent was admitted to and treated by the physicians, nurses, professional staff, agents, and employees of Defendants MetroHealth, Grace, CCF, South Pointe, Regency, UH Ahuja, Montefiore, Willow Park, and Heartland. While under the care, treatment, and/or services of the foregoing Defendants, Defendants failed to act as reasonably prudent healthcare providers under the same or similar circumstances, which enhanced, aggravated, or exacerbated the decedent's existing accident induced trauma injuries and/or caused new devastating injuries, and caused or contributed to the death of the Plaintiff's decedent on May 26, 2018.

24. That between March 9, 2017 and May 26, 2018, Plaintiff's decedent was a patient of the aforementioned Defendants. As a further and direct and proximate result of the aforementioned Defendants' negligence, decedent's next-of-kin suffered a loss of society of the decedent, including a loss of companionship, consortium, care, assistance, attention, protection,

advise, guidance, counsel, and instruction. Funeral and burial expenses were also incurred.

25. As a further direct and proximate result of the negligence of the aforementioned Defendants, decedent's next-of-kin has suffered great mental anguish.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally in the amount of $5,000,000.00 compensatory damages, plus attorney fees, costs, and any other relief this Court may deem as fair and equitable.

Date: 05/22/2020                                     Respectfully submitted,


                                                     /s/ Murray D. Bilfield
                                                     **MURRAY D. BILFIELD (0029074)**
                                                     Bilfield & Associates, LLC
                                                     6300 Rockside Road, Suite 204
                                                     Independence, Ohio 44131
                                                     216-696-5297 / 216-573-9725 FAX
                                                     mbilfield@bilfieldandassociates.com
                                                     *Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TONYA MARTIN, Individually** ) | CASE NO. |
| **and as Executrix, Etc.** ) | |
| ) | |
| **Plaintiffs** ) | JUDGE |
| ) | |
| v ) | |
| ) | **MOTION TO EXTEND THE** |
| **UNITED STATES OF AMERICA, et al** ) | **PERIOD OF TIME TO FILE** |
| ) | **AFFIDAVIT(S) OF MERIT** |
| **Defendants** ) | |
| ) | |

Now come the Plaintiffs, by and through their counsel of record, and respectfully request that the period of time to file her Affidavit(s) of Merit be extended for a reasonable period of time of 90-days from the date the Complaint was filed. It has been difficult in the past several months to locate an appropriate qualified health provider to review the records herein. This Motion is not interposed for delay. Plaintiffs suggest that a reasonable period of time would be 90-days, as stated in Civil Rule 10 ORCP.

Date: 05/22/2020                                                     Respectfully submitted,


                                           /s/ Murray D. Bilfield
**MURRAY D. BILFIELD (0029074)**
Bilfield & Associates, LLC
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.